PER CURIAM.
Harold O’Steen and Howard O’Steen appeal a final order granting relief to First Union National Bank of Florida (First Union) in proceedings supplementary to final judgment. Of the three issues raised on appeal, one is dispositive and warrants reversal.
On September 1,1993, First Union National Bank of Florida (First Union) obtained a two-million dollar judgment against Harold O’Steen and Howard O’Steen (jointly and severally with several other defendants who are not parties to this appeal). Thereafter, through discovery in aid of execution, First Union learned that, following entry of the final judgment, the O’Steens had overpaid their tax liability for the 1992 tax year and had directed the Internal Revenue Service (IRS) to apply the refund amount to the taxes owed for the following year. First Union, alleging the use of an improper scheme to delay its efforts to collect its judgment, moved for an order compelling the O’Steens to obtain their tax refunds from the IRS and turn over the amounts obtained to First Union to be applied in satisfaction of the judgment.
At a hearing on the motion, evidence was adduced that Harold O’Steen and his wife had overpaid their 1992 tax liability in the amount of $134,534, and Howard O’Steen and his wife had overpaid their 1992 tax liability in the amount of $135,879, and had directed that any overpayments be applied to their 1993 tax liability. Following the hearing, the trial court entered an order directing Howard O’Steen and Harold O’Steen as follows:
(1) to pay their 1993 tax liability -without utilizing the amounts that had already been overpaid and declared to be applied thereto; (2) to stop applying any overpayment which may have been made on the 1993 tax payments to any future tax liability; and (3) to pay their share of any tax refund they may receive to First Union.
In a motion for rehearing, the O’Steens argued that they were unable to comply with that part of the order directing them to pay their 1993 tax liability without utilizing the tax credit resulting from the tax overpayment. The O’Steens argued they did not have this option because the IRS already had this money and that it was not permissible for the court to direct them to come up with *914 this amount of money from somewhere else when this money did not exist. Submitted at the motion for rehearing were the O’Steens’ 1993 tax returns and a financial statement reflecting an income in excess of $1,800,000. Based upon the foregoing, the trial court ruled that it would presume that the O’Steens had the ability to pay their 1993 tax liability independently from the monies already overpaid, unless proven otherwise. The motion for rehearing was denied.
On appeal, the O’Steens contend (1) that the trial court improperly exercised jurisdiction over tax payments irrevocably designated to be applied to their tax liability pursuant to the Internal Revenue Code, and (2) that the trial court’s mandate improperly requires them to pay additional funds to the IRS in order to generate a tax overpayment for 1993 on which First Union could levy judgment. We must agree that this latter claim of error compels reversal.
Under section 56.29(5), Florida Statutes, a “judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.” (Emphasis added). The trial court herein essentially ordered the O’Steens to come up with additional monies to pay their 1993 tax liability, over and above the amount left over from the 1992 overpayment, in order to generate a tax overpayment for 1993 on which First Union could levy judgment. This directive amounts to a conversion of exempt assets into nonexempt assets, having the improper effect of creating an asset that can be subject to execution. Because the trial court exceeded the scope of authority extended by the proceedings supplementary statute, which by its own terms does not permit its application to exempt property, we are constrained to reverse the order.[1]
REVERSED.
MICKLE, BENTON and VAN NORTWICK, JJ„ concur.

. In light of our disposition herein, we need not reach the remaining issues raised on appeal.